CLAUDIA A. COSTA
CCOSTA@GRSM.COM
DIRECT DIAL: (212) 453-0779



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
PHONE: (212) 269-5500
FAX: (212) 269-5505
WWW.GORDONREES.COM

February 27, 2024

**<u>Via ECF</u>**

Honorable Robert M. Levy, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Lauren Beth Meisler et al. v. Eagle Chase Condominium Assoc., et al.*
              1:23-cv-1569-EK-RML

Dear Judge Levy:

This firm represents defendant Steven Osman ("Osman") in the above-referenced matter. On behalf of Osman, we write to respectfully request, pursuant to Rule 1.E of Your Honor's Individual Motion Practices and Rules, to extend Osman's time to serve discovery demands in this matter and to compel Plaintiffs to accept service of Osman's Demands for Discovery and Inspection, served on February 8, 2024. Counsel for co-defendants, Andreas Theodosiou, joins in Osman's request for an extension of the discovery deadline in this matter. No prior requests for an extension of discovery have been made. Plaintiffs' counsel does not consent to this request.

Currently, pursuant to the Minute Entry for telephonic proceedings held on July 26, 2023, filed to the docket for this matter on August 29, 2023, the deadline for discovery is set for February 29, 2024. Osman served Demands for Discovery and Inspection upon plaintiffs Lauren Beth Meisler ("Meisler"), Allison Starkman ("Starkman"), and Eric Schoenfeld ("Schoenfeld") (collectively Plaintiffs"), respectively, on February 8, 2024 ("Osman Demands"). On February 14, 2024, Plaintiffs' counsel purported to reject the demands as belated.

By way of background, in this action for alleged discrimination, Plaintiffs allege that on one occasion, plaintiff Meisler, who attempted to use the clubhouse at the condominium for an event with her friends without previously reserving the space or paying the required rental fee, was confronted by condominium personnel who inquired about the unauthorized use of the facilities without a reservation, and that Plaintiffs were subsequently fined for the unreserved use of the space for a private event (which fine was never actually paid by Plaintiffs and later withdrawn).

Out of this supposed incident, Plaintiffs claim in their Rule 26 Initial Disclosures an astronomical combined damages amount of $14,200,000.00. Plaintiffs Starkman and Schoenfeld, who were not even present for the alleged occurrence, themselves claim $4,000,000.00 and $5,000,000.00 in damages, respectively. Despite asserting damages related to moving costs, emotional distress, and loss of career opportunities, Plaintiffs have provided no information with respect to the alleged damages, either in response to the Osman Demands—which Plaintiffs refuse to respond to—or even the previously served demands by Co-Defendants. Plaintiffs refuse to provide treatment information for Starkman and Schoenfeld even though each claims $1,000,000.00 in alleged emotional distress damages. Moreover, plaintiff Schoenfeld claims employment related losses but has refused to provide authorizations to obtain his employment records. In the face of over $14 million in alleged damages, Osman is entitled to obtain discovery in this action. Plaintiffs' refusal to provide appropriate responses is in bad faith.

F.R.C.P. Rule 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." The deadline for completion of discovery has not past and had not past when Osman served his demands on Plaintiff on February 8, 2024. Moreover, there is no Order on the docket setting forth a deadline by which the parties were directed to serve their demands. There is good cause for this extension. The Osman Demands seek documents and information that are essential to this matter. For example, as discussed above, although Plaintiffs Starkman and Schoenfeld each seek emotional distress damages of approximately $1,000,000.00, neither has identified or produced authorizations for records from any treating physician or therapist, and Schoenfeld has not provided authorization for his employment records in support of his claim for loss of career opportunities totaling another $1,000,000.00. Authorizations are required to obtain medical records that must be submitted to an expert before any depositions can even take place.

Plaintiff will not be prejudiced by the extension of Osman's time to serve discovery demands in this matter. Discovery cannot be completed by February 29, 2024 under any circumstances. For example, Osman is still waiting for medical records pertaining to plaintiff Meisler as one treatment facility was not properly identified by Plaintiffs and corrected authorizations had to be obtained for the release of records, and one provider has failed to respond to the authorization provided, necessitating service of a subpoena *duces tecum*. Osman is still waiting for a response to such subpoena. Plaintiffs' depositions cannot be taken and expert discovery cannot proceed until, at least, the receipt of the necessary medical records.

Osman must have responses to the Osman Demands and have leave to serve further demands as necessary in this action to prepare his defense such as, *inter alia*, additional demands following review of Plaintiffs' medical and other records obtained as discovery progresses in this matter and subsequent to Plaintiffs' depositions. Accordingly, Osman respectfully requests an extension of time to file discovery demands in this matter through a date to be set by the Court at

the conference on February 29, 2024, but in no event earlier than May 31, 2024, and further requests that the Court compel Plaintiffs to accept and respond to the Osman Demands served on February 8, 2024. As detailed above, Plaintiffs have asserted claims for millions of dollars without providing any support for their damages and Osman must have the opportunity to obtain discovery in this matter.

Thank you for your consideration of this request.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

/s/ *Claudia A. Costa*
Claudia A. Costa, Esq.

Cc: All Counsel of Record (via ECF)